IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DESIRAE MASON**            **PLAINTIFF**

V.            NO. 4:21-CV-175-DMB-DAS

**CANNON FORD, LINCOLN, INC.**            **DEFENDANT**

**ORDER**

After Desirae Mason sued Cannon Ford, Lincoln, Inc. alleging claims of race and sex discrimination, Cannon moved to stay the case and compel arbitration. Because the Court finds there is a valid agreement to arbitrate and that Mason's claims fall within its scope, this case will be stayed pending arbitration.

**I**
**Procedural History**

On December 27, 2021, Desirae Mason filed a complaint in the United States District Court for the Northern District of Mississippi against Cannon Ford, Lincoln, Inc., alleging a race discrimination claim under Title VII and 42 U.S.C. § 1981 as well as a Title VII sex discrimination claim. Doc. #1.

On April 6, 2022, Cannon filed a "Motion to Stay Proceeding and Compel Arbitration." Doc. #8. Five days later, pursuant to Local Rule 16(b)(3)(B), United States Magistrate Judge David A. Sanders stayed "the attorney conference and disclosure requirements and all discovery … pending a ruling on the Motion to Compel Arbitration." Doc. #13. Despite receiving an extension of time to respond to the motion,[1] Mason did not do so within the time allowed and has not responded to date.

---

[1] Doc. #15.

## II
## Federal Arbitration Act

The Federal Arbitration Act ("FAA") "provides that written arbitration agreements are generally valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 579 (5th Cir. 2020) (internal quotation marks omitted). This provision "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute," *Papalote Creek II, L.L.C. v. Lower Colo. River Auth.*, 918 F.3d 450, 454 (5th Cir. 2019) (emphasis omitted); and where "legal constraints external to the parties' agreement [do not] foreclose[] the arbitration of those claims," *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006).

## III
## Analysis

### A. Agreement to Arbitrate

"A court makes two determinations when deciding a motion to enforce an arbitration agreement. First, the court asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement." *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018) (internal citation omitted).

In seeking to compel arbitration, Cannon relies on a "Mutual Arbitration Agreement" it signed on October 23, 2018, and Mason signed on October 19, 2018, as a condition of her employment. Doc. #8-1 at 1, 4. The Arbitration Agreement provides in relevant part:

> Except as provided below, Employee and the Company, … agree that all disputes and claims between them, including those relating to Employee's employment with the Company and any separation therefrom, … shall be determined exclusively by final and binding arbitration before a single, neutral arbitrator as described herein,

and the judgment upon the arbitrator's award may be entered in any court [of] competent jurisdiction. Claims subject to arbitration under this Agreement include without limitation claims for:

> a. All claims arising under any federal, state, county or municipal constitution, statute, ordinance, order or regulation, including: Title VII of the Civil Rights Act of 1964; … 42 USC 1981 ….
>
> b. All claims of discrimination or harassment because of race, sex, gender, religion, age, ethnic or national origin, disability, military status or obligations, union affiliation or union activity.

…

By signing this Agreement, Employee acknowledges that he or she is knowingly and voluntarily agreeing to all terms and conditions outline [sic] herein, including waiving the right to file a lawsuit or other civil proceeding relating to Employee's employment with the Company as well as the right to resolve employment-related disputes in a proceeding before a judge or jury.

*Id.* (paragraph numbering omitted).

### 1. Validity

Under Mississippi law,[2] "[t]he elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 734 (Miss. 2019).

The requirements of two or more contracting parties and mutual assent are satisfied here because it is undisputed that Mason and Cannon executed the Arbitration Agreement. *See* Doc. #8-1. Nothing has been submitted suggesting that Mason lacked the legal capacity to contract or that there is any legal prohibition precluding contract formation. Further, the agreement is sufficiently definite because it specifies the categories of disputes that will be submitted to

---

[2] The Arbitration Agreement provides that it "shall be construed according to … the substantive law of the State of Mississippi." Doc. #8-1 at 3. Generally, "courts apply the contract law of the particular state that governs the agreement." *Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004).

3

arbitration. *See id.* at 1. Finally, the Arbitration Agreement is supported by consideration because the parties agreed to arbitrate the specified disputes and forfeited their rights to litigate such disputes in court. *See McKenzie Check Advance of Miss. v. Hardy*, 866 So. 2d 446, 452 (Miss. 2004) (arbitration agreement supported by consideration when parties waived their rights to jury trial or to file suit in circuit court). For these reasons, the Court concludes the Arbitration Agreement is valid.

### 2. Scope

Mason asserts Title VII and 42 U.S.C. § 1981 claims for race discrimination and sex discrimination. Doc. #1 at 3–4. Because the Arbitration Agreement provides that claims arising under these laws, as well as "[a]ll claims of discrimination … because of race [or] sex," are subject to arbitration, Mason's claims are within the scope of the Arbitration Agreement. Doc. #8-1 at 1.

### B. Legal Constraints

Regarding whether any legal constraints foreclose arbitration, a court "ask[s] if any federal statute or policy renders the claims nonarbitrable." *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (internal quotations omitted). No legal constraints have been presented to the Court which would prevent the arbitration of Mason's claims. Accordingly, Mason's claims are governed by the FAA and subject to arbitration.

### C. Stay

Cannon generally asks that this case be stayed.[3] Doc. #8 at 1. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see* 9 U.S.C. § 3 (authorizing stay pending arbitration). Since

---

[3] Because Cannon's request for a stay appears to be made pursuant to Local Rule 16(b)(3), which provides that "[f]iling a motion to compel arbitration … stays the attorney conference and disclosure requirements and all discovery, *pending the court's ruling on the motion*," it is unclear whether Cannon requests a stay beyond this ruling. Regardless of whether a stay of the entire case is requested, the Court finds such a stay is warranted.

4

the Court has found Mason's claims are subject to arbitration, staying this case is appropriate. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002) ("A court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement.") (citing 9 U.S.C. § 3).

## IV
## Conclusion

Cannon's motion to stay and compel arbitration [8] is **GRANTED**. Mason's claims are **REFERRED** to binding arbitration in accordance with the Arbitration Agreement. This case is **STAYED** in its entirety pending arbitration. The parties are **DIRECTED** to notify the Court within fourteen (14) days of an arbitration decision.

**SO ORDERED**, this 8th day of June, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**